JAMES W. McCARTHY ET AL., RELATORS, v. ADOLPH WALTER, LUCIUS H. DONOHOE, HENRY J. LEMMER AND THEODORE H. SMITH, DEFENDANTS.

JAMES W. McCARTHY ET AL., RELATORS, v. THEODORE A. KLEFFMAN, JOHN G. MEISTER AND FRANK B. CHAPMAN, DEFENDANTS.

Argued June 9, 1930—Decided November 15, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-CHARD and LLOYD.

For the relators, *J. Raymond Tiffany.*

For the defendants Walter, Donohoe, Lemmer and Smith, *Edward J. O'Mara (J. Emil Walscheid,* of counsel).

For the defendants Kleffman, Meister and Chapman, *J. Emil Walscheid.*

The opinion of the court was delivered by

LLOYD, J. Information in the nature of *quo warranto* was filed in each of the above entitled cases by the relators, the one to obtain possession of the offices claimed to be held by the defendants Walter, Donohoe, Lemmer and Smith as members of the Hudson county park commission; the other

to obtain like possession of offices claimed to be held by the defendants Kleffman, Meister and Chapman as members of the Hudson county boulevard commission. To the informations filed the defendants responded by pleas setting up sundry grounds upon which the claims of the relators were resisted, and to these pleas the relators have demurred.

For more than a quarter of a century there has existed in Hudson county a boulevard commission created by statutes enacted in 1888 and 1898 under which vast properties and franchises have come into possession of the commissioners and been since administered by them. The park commission was created in 1902 and it likewise has had control and the management of properties of great value and has ever since administered the duties of the office.

On April 22d, in the present year, the legislature enacted legislation looking to the consolidation of both commissions in a single body and passed the acts known as chapters 260, 261 and 262 of the laws of 1930.

Chapter 260 reads as follows (*Pamph. L.* 1930, *p.* 1092):

"An act to abolish the offices of county park commissioners created by an act entitled 'An act to establish public parks in certain counties of this state, and to regulate the same,' approved May sixth, one thousand nine hundred and two.

Be it enacted by the senate and general assembly of the State of New Jersey:

1. The offices of county park commissioners created by an act entitled, 'An act to establish public parks in certain counties of this state, and to regulate the same,' approved May sixth, one thousand nine hundred and two, be and the same are hereby abolished.

2. This act shall take effect immediately."

Chapter 261 reads as follows (*Pamph. L.* 1930, *p.* 1092):

"An act respecting the offices of boulevard commissioners in any county abolishing said offices and vesting all the powers and duties of such boulevard commissioners in the county park commission of such county.

Be it enacted by the senate and general assembly of the State of New Jersey:

1. The offices of boulevard commissioners in any county of this state are hereby abolished.

2. All the powers and duties vested by law in such boulevard commissioners shall hereafter be exercised and performed by the county park commission of such county.

3. This act shall take effect immediately."

Chapter 262 (*Pamph. L.* 1930, *p.* 1093) is entitled, "An act to amend an act entitled, 'An act to establish public parks in certain counties of this state, and to regulate the same,' approved May sixth, one thousand nine hundred and two," and purports to amend the act referred to in its title by directing that it shall be the duty of the governor to appoint five persons a board of commissioners to be known as "The —— County Park Commission" (inserting the name of the county in which such commissioners are to be appointed), and limiting the appointees to three members of the same political faith. Upon the authority of the legislation thus enacted, the governor appointed the relators as the five commissioners to compose the board of commissioners to be known as the Hudson county park commission. Upon demand for the possession of the offices held by the defendants and the refusal of the defendants to comply with such demand, the present proceedings were taken.

As the two cases were argued together and are closely interwoven, one with the other, they will be disposed of in a single opinion of this court. The legislation thus enacted is attacked upon constitutional grounds. The basic law under which the defendants themselves claim to hold title is also attacked upon constitutional grounds and these various grounds will be discussed under their proper heading.

First, as to the park commission case. It is said (1) that relators are without standing to maintain the present proceeding because the offices to which they claim title are abolished; and (2) because the legislation of 1902 creating the Hudson county park commission is itself unconstitutional.

Neither contention is sound. As to the first point, by chapter 260, the offices of the incumbents are abolished, but the offices in the commission remain, and instead of there being four incumbents as theretofore, the number is increased to five by chapter 262. If the office itself were abolished the corporate entity itself would of necessity disappear, and there would be no board of commissioners as originally provided. It is inconceivable that such a legislative purpose could have existed. Quite aside from this fact the law looks upon the substance and not upon the form. Even if in a technical sense it could be said that the office in its present form is abolished, it must of necessity be that the parties are contestants for one and the same office, the one claiming its possession and the other resisting. As already stated, however, the office itself is not abolished, only the incumbency of the defendants.

As to the second point, it is not perhaps unusual that defendants to a writ of *quo warranto* will avail themselves of a defense asserting the weakness of the title of the relators, but it is certainly rare in the annals of such proceedings that the illegality of the defendants' own title resulting from a claim that the corporation of which they have been, and still claim to be, officers is itself without legal existence, is set up as a defense. But such is precisely the situation here. The claim of the defendants is that the act of 1902 creating the Hudson county park commission was unconstitutional; that in consequence the amendment of 1930 is unconstitutional and that therefore there is no such body; that it has no officers, and that both defendants and relators are without standing of title.

It is doubtful if in any case persons so situated could be permitted to make such claim, but it is quite clear that it is not available in this case. The proceeding is between the relators and the defendants only. The park commission is a corporate entity and is not a party. To take away its corporate life in a collateral proceeding and without a hearing would be contrary to all sense of justice and contrary to established law. *Ayers* v. *Newark,* 49 *N. J. L.* 170; *Dodd*

v. *Camden,* 56 *Id.* 258. Other authorities cited by the defendants themselves abundantly establish this principle.

Passing, however, this barrier (insuperable to the defendants), and considering the reasons urged, we have no doubt that the act of 1902 and the amendment of 1930 are a valid exercise of the legislative power. It is said that the act of 1902 is unconstitutional because it is a submission of legislative authority to the board of freeholders in that the popular vote provided for in the act is dependent on the action of that body. The act bears no such interpretation. Section 17 provides as follows: "None of the foregoing provisions shall take effect in any county until the acceptance or rejection of this act shall have been submitted, as herein provided, to a popular vote; such submission shall be made, and the vote hereinafter provided for taken, at any general election for members of the general assembly in such county; whenever the board of chosen freeholders in such county shall resolve to submit this act to popular vote in such county, at any such general election, it shall be the duty of the county clerk, &c." *Pamph. L.* 1902, *p.* 820.

It will be noted that the act declares in terms that the question shall be submitted. This much is peremptory and could not be avoided. The provision respecting the board of freeholders is independent of the duty to submit, is directory in character, and pertains only to the *modus operandi* of obtaining expression of the popular will. The time within which that body must act is therefore to be construed as a reasonable time.

That such is the proper construction of the act is evident from the facts that it has remained and been acted upon for more than a quarter of a century, great property rights have grown up under it and have been administered by the commission; the statute has been in the courts for construction and no question there raised as to its validity; the defendants and their predecessors in office have for all this time performed the duties imposed and no one has ventured to suggest that they were intruders into the offices heretofore held by them. It is the settled law of construction that no act of

the legislature shall be held to be unconstitutional where it is possible to hold otherwise and a construction favorable to its validity will be adopted (*Commercial Trust Co.* v. *Hudson County Board of Taxation,* 87 *N. J. L.* 179), and this even though another construction may seem to the court a preferable view. *Hudspeth* v. *Swayze,* 85 *Id.* 592.

We have therefore no hesitation in holding, should it be necessary to do so, that the acts in their entirety are constitutional that the terms of office of the defendants as members of the Hudson county park commission are vacated and that a judgment of ouster should be entered.

The attack on the legislation respecting the boulevard commission, as we think, calls for little consideration and discussion beyond that already given in the Park Commission case, in which in their legal aspects the first, second, sixth, seventh and eighth reasons advanced in the Boulevard case are considered.

The remaining reasons attack the legislative method of procedure. The first is that chapter 261 is local legislation in contravention of article 4, section 7, subdivision 11 of the constitution. This is obviously not so. The act is a general one applicable to all counties, not only to those that have heretofore accepted the original act, but to those that may hereafter accept it.

It is next said that the act embraces more than one object as expressed in the title. The act does not offend here. It abolishes the offices of the incumbents and transfers their duties and powers to the park commissioners. This general purpose is expressed in the title and all its parts are germane to this object and cannot be said to be dual in character, contrary to the constitution. *Thompson* v. *Bader,* 101 *N. J. L.* 289; *affirmed,* 102 *Id.* 227.

Nor does the act offend the provision of the constitution that inhibits the incorporation of existing laws without inserting the applicable parts. This point seems to be without even semblance of reason. There is in neither the title nor in the body of the act reference to any existing law. A certain body of officers are abolished and their duties transferred

to another corporate entity. It would be a strained, if not an absurd, construction of the constitution to hold that it contemplated in such case the re-enactment *in haec verba* of all the legislation conferring duties on the officials named in the two acts of 1888 and 1898 (comprising thirty-four sections and fifteen pages of printed matter) under which the defendants were appointed, and such is not the result of our decisions. *Campbell* v. *Board of Pharmacy*, 45 *N. J. L.* 241; *Bradley* v. *Loving*, 54 *Id.* 227, and more recently *Newark* v. *Civil Service Commission*, 98 *Id.* 417.

For the reasons given the demurrers to the pleas of the defendants will be sustained and a judgment of ouster awarded in both cases.